UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA**

v.                                                      Criminal Action No. 4:15cr6

**LINDSEY L. HUGHES,**

      **Defendant.**

### MEMORANDUM ORDER

    This matter is before the Court on Lindsey L. Hughes' ("Defendant") appeal from a finding of guilt by the United States Magistrate Judge in this misdemeanor criminal case. Following a bench trial, the Magistrate Judge found Defendant guilty of Assault Within the Maritime and Territorial Jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(4). Defendant was placed on probation for one (1) year, fined $250, and directed to serve three (3) days in jail and to participate in anger management. On appeal, Defendant contends that the evidence was insufficient to support her conviction.

    On September 24, 2014, Defendant took her infant son to receive medical treatment at the McDonald Army Health Clinic at Fort Eustis, Virginia. Defendant arrived late for her appointment that day. Because of her late arrival, Defendant and a staff member disagreed about whether anyone was available

to treat Defendant's child. Nicole Orthman, a pediatric nurse at the clinic, ultimately agreed to see Defendant and her child. While Ms. Orthman attempted to provide care for Defendant's child, Defendant engaged in a physical altercation with Ms. Orthman. On November 14, 2014, Defendant was charged in a criminal information with assault, in violation of 18 U.S.C. § 113(a)(4), for striking Ms. Orthman. Criminal Information, ECF No. 1.

At the trial in this matter, the Magistrate Judge heard conflicting testimony about the altercation between Defendant and Ms. Orthman. Ms. Orthman testified that, following an intense verbal altercation, Defendant had punched her in the head and face. See Trial Tr. at 9-13, ECF No. 16. Consistent with Ms. Orthman's testimony, the law enforcement officer who responded to the altercation, Officer Arrington, testified that, following the incident, Ms. Orthman's nose and lips were swollen, and she had red marks from her neck down to the top of her chest. Id. at 19.

In contrast to Ms. Orthman's testimony, Defendant testified that Ms. Orthman was the aggressor. According to Defendant, Ms. Orthman "mushed" her in the head during the altercation, and Defendant responded by pushing back. In her testimony, Defendant denied punching Ms. Orthman, and stated that she only pushed Ms. Orthman after being "mushed." See id. at 31-37.

After hearing the conflicting testimony, the Magistrate Judge credited Ms. Orthman's testimony over Defendant's version of events. Id. at 38. Consequently, the Magistrate Judge found Defendant guilty of the assault charge. The Court then sentenced Defendant to one year of probation, fined her $250, and ordered her to serve three days in jail and participate in anger management. See Am. J., ECF No. 14.

On January 26, 2015, Defendant appealed her conviction. Although Defendant did not indicate the basis for her appeal, her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal. However, defense counsel raised for the Court's consideration whether the evidence was sufficient to support Defendant's conviction.

"An appellate review conducted by a district court after a bench trial before a magistrate judge is not a trial de novo; rather, the district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction." United States v. Bursey, 416 F.3d 301, 305 (4th Cir. 2005). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). "In assessing the sufficiency of the evidence presented in a bench trial, [an

3

appellate court] must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict." Elliott v. United States, 332 F.3d 753, 760-61 (4th Cir. 2003) (citation omitted). "'Substantial evidence' means 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Armel, 585 F.3d 182, 184 (4th Cir. 2009) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In short, the Court must "view the evidence in the light most favorable to the government in order to decide whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Garcia-Ochoa, 607 F.3d 371, 376 (4th Cir. 2010) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

In evaluating the facts presented at trial, an appellate court considers "both circumstantial and direct evidence, and allow[s] the government all reasonable inferences that could be drawn in its favor." United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008) (citation omitted). "[I]t is the role of the factfinder, not the appellate court, to resolve conflicts in testimony, weigh the evidence, and judge the credibility of witnesses." United States v. Manbeck, 744 F.2d 360, 392 (4th

4

Cir. 1984) (citations omitted). Indeed, the uncorroborated testimony of a single witness may be sufficient evidence to support a conviction. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).

The Court has reviewed the entire record and finds that there was sufficient evidence to support the verdict of the Magistrate Judge. After hearing testimony from the parties' witnesses, the Magistrate Judge credited Ms. Orthman's testimony over Defendant's. See Trial Tr. 38-39. Issues of credibility lie solely within the province of the Magistrate Judge, the finder of fact. Manbeck, 744 F.2d at 392. Therefore, in reviewing the sufficiency of the evidence adduced at trial, the Court must accept the version of events reflected in Ms. Orthman's testimony.

Ms. Orthman testified that Defendant struck her in the side of the head and punched her in the face. Trial Tr. at 11-12. Alone, such testimony would permit a reasonable finder of fact to conclude that Defendant assaulted Ms. Orthman in violation of 18 U.S.C. § 113(a)(4). However, in this case, other evidence bolstered Ms. Orthman's testimony. Consistent with Ms. Orthman's testimony that Defendant had struck her in the face, Officer Arrington testified that, following the altercation between Defendant and Ms. Orthman, "[Ms. Orthman's] nose . . . [and] lips were swollen" and "[s]he had red marks . . . on her

5

neck down to the top of her chest." Id. at 19. Additionally, the Government introduced into evidence photographs depicting the injuries that Officer Arrington described. Id. at 19-20. Based on the evidence adduced at trial, a reasonable finder of fact could conclude beyond a reasonable doubt that Defendant's actions qualified as "striking" within the meaning of 18 U.S.C. § 113(a)(4). See United States v. Delis, 558 F.3d 177, 181 (2d Cir. 2009) (citing Webster's Third New International Dictionary of the English Language Unabridged 2262 (2002)). In short, having reviewed the entire record, including the complete transcript of the bench trial and all of the arguments advanced on appeal, the Court finds that, based on the credibility determinations made by the Magistrate Judge, the evidence presented at trial was sufficient to support Defendant's conviction.

Accordingly, the Court **AFFIRMS** Defendant's conviction.

The Court **ADVISES** Defendant that she may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said notice of appeal must be filed within fourteen (14) days from the date of this Order. Fed. R. App. P. 4(b)(1)(A).

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to all counsel of record.

IT IS SO ORDERED.

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 21, 2015